# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BARNES, | ) | CASE NO. 1:19-cv-0619 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| COMMON PLEAS JUDGES, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |
| | ) | |

On March 20, 2019, *pro se* petitioner Richard Barnes filed a petition in this matter seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2009 and 2016 convictions in the Cuyahoga County Court of Common Pleas. (ECF No. 1.) Barnes previously filed a § 2254 petition challenging these same convictions, which this Court dismissed on March 11, 2019. *See Barnes v. Eppinger*, Case No. 1:18-cv-1091. As to his 2009 conviction, the dismissal was with prejudice for want of jurisdiction; as to the portion of his petition relating to his 2016 conviction, the dismissal was without prejudice because Barnes failed to demonstrate proper exhaustion of his state remedies.

In the present petition, Barnes still does not demonstrate that he has exhausted his state remedies with respect to his 2016 conviction. His petition simply sets forth four grounds for relief: (1) Due Process Claim, (2) Ineffective Assistance of Counsel Claim / Ineffective Assistance of

Appellate Counsel Claim, (3) Prosecutorial Misconduct Claim, and (4) Procedural Due Process Claim—without any supporting explanation.[1]

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, a federal district court is required to examine a habeas corpus petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" If so, the district court must summarily dismiss the petition. *See* Rule 4; *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding that the district court has a duty to "screen out" petitions lacking merit on their face).

The Court concludes that the petition must be summarily dismissed. The portion of Barnes' petition pertaining to his 2009 conviction lacks merit on its face and is barred for the same reasons the Court set forth in its dismissal ruling in the prior case. *See Barnes*, Case No. Case No. 1:18-cv-1091, slip. op. at 32–33[2] (N.D. Ohio Mar. 11, 2019). Further, Barnes' petition does not indicate that he properly pursued and fully exhausted his claims regarding his 2016 conviction. When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas corpus review is barred unless the prisoner can demonstrate cause for the default and actual prejudice to him. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). Barnes has not demonstrated that he properly presented his claims regarding his 2016 conviction in state court, nor has he shown adequate cause for failure to do so and actual prejudice to him.

---

[1] Although Barnes states "see exhibits" in various places on his form petition where he was asked to set forth supporting facts, no exhibits are attached to his petition.

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

Accordingly, the petition is denied and this action is dismissed in accordance with Rule 4 of the Rules Governing Habeas Corpus Cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated: June 5, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**